# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID LANKFORD and
LEE ANN LANKFORD,

    Plaintiffs,

    v.                                        No. 1:17-cv-668 WJ/GBW

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS
## and
## *SUA SPONTE* DISMISSING PLAINTIFFS' REMAINING CLAIMS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed September 28, 2017 **(Doc. 11)**, and Plaintiffs' Motion for Leave to File Sur-reply **(Doc. 20),** filed November 8, 2017. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted. Furthermore, the Court *sua sponte* dismisses Plaintiffs' remaining claims.

## BACKGROUND[1]

Plaintiffs are suing the Department of Justice for compensatory and punitive damages, alleging that the DOJ denied them their due process rights by allowing corruption or bias in the

---

[1] The Court takes judicial notice of the Plaintiffs prior filings and decisions related to this matter in the bankruptcy court and district court. *See Merswin v. Williams Companies, Inc.,* 364 F. App'x 438, 441 (10th Cir. 2010) (when ruling on motion to dismiss, court may take judicial notice of prior court filings and rulings); *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (same); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012).

courts. Plaintiffs also appear to ask this court to review or overturn a summary judgment issued by the bankruptcy court, on the basis of fraud on the court.

The Vaughan Company, Realtors ("Vaughan Company") filed a chapter 11 bankruptcy petition on February 22, 2010. On the basis that Vaughan Company was operating a Ponzi scheme, the bankruptcy court entered an order approving the appointment of Judith Wagner as the chapter 11 trustee for the debtor's bankruptcy estate (the "Trustee").

The Plaintiffs invested in the Vaughan Company Ponzi scheme, and were "net winners", meaning they received more money from the scheme than they put in. On February 21, 2012, the Trustee filed an adversary proceeding, seeking the turnover of these net winnings under 11 U.S.C. § 548 and New Mexico state law.

On May 27, 2014, U.S. Bankruptcy Judge Robert Jacobvitz entered summary judgment against the Plaintiffs and determined that the Trustee was entitled to turnover of a total of $67,404.39 under 11 U.S.C. § 548(a)(1)(B) and NMSA § 56-10-18(A)(2). This amount was their "net winnings." Plaintiffs did not appeal.

Instead, seven months later Plaintiffs filed a motion to vacate the summary judgment under Fed. R. Civ. P. 60(b)(3) and 60(d)(3), arguing that the Trustee committed fraud and fraud on the court by intentionally submitting a "miscalculation" in the complaint of how much they owed. The bankruptcy court denied the motion, pointing out that it did not rely on the miscalculation in the complaint, and that the Trustee had corrected the amount prior to the court ruling on summary judgment. Moreover, the bankruptcy court declined to consider a new argument that the amount subject to turnover should be offset by net losses in her IRA investment account of $4,127.75.

2

Plaintiffs appealed the denial of the motion to vacate to this Court. In both the motion to vacate and the appeal thereto, which was referred to U.S. Magistrate Judge Carmen Garza, Judge Garza addressed Plaintiffs' fraud on the court claims and denied them. On August 25, 2015, Judge Brack issued an order adopting Judge Carmen Garza's recommendation to affirm the bankruptcy court. Plaintiffs did not appeal that decision to the U.S. Court of Appeals for the Tenth Circuit.

On November 6, 2015, the Plaintiffs filed a complaint in this Court against the Trustee and her attorneys, alleging fraud and attempting to assert criminal charges against the trustee and judicial officers. They also sought to set aside the summary judgment under Fed. R. Civ. P. 60(d)(3) for fraud on the court. The Court dismissed the case under the *Barton* doctrine and under the doctrine of judicial immunity. This decision was appealed to the Tenth Circuit and the decision was affirmed.

The Plaintiffs twice moved for permission to sue the Trustee based on alleged misconduct or fraud in the adversary proceeding. The bankruptcy court considered and denied Plaintiffs request as frivolous or futile.

On April 2, 2017, the Plaintiffs moved to reopen the adversary proceeding and vacate the summary judgments. The bankruptcy court denied the motion to reopen, and further addressed and denied Plaintiffs' claim for fraud on the court. The bankruptcy court considered and denied the theory that the summary judgment should be modified to take into account Ms. Lankford's IRA losses.

In their complaint, Plaintiffs seek compensatory and punitive damages from the United States Department of Justice for failure to promote justice or protect the Plaintiffs from

3

"cronyism, obstruction of justice, collusion, bias, and corruption" in the courts. Plaintiffs seek damages from the United States for allegedly being denied due process in the courts.

Plaintiffs argue that the bankruptcy court's summary judgment should be overturned for fraud on the court because (1) the Trustee intentionally miscalculated the net winnings in connection with the summary judgment, (2) the bankruptcy court did not consider Ms. Lankford's IRA losses in calculating the net winnings, (3) the Trustee withheld or fabricated evidence, (4) the Court fabricated documents, and (5) general bias or corruption in not ruling in their favor.

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), asserting sovereign immunity. In a response, Plaintiffs alleged that sovereign immunity is waived under the Federal Tort Claims Act. Plaintiffs also filed a motion for permission to file a sur-reply, along with the sur-reply. In the sur-reply, Plaintiffs allege that sovereign immunity is waived as to due process violations, but do not point to any explicit statutory waiver of immunity.

## DISCUSSION

### I. The United States is Immune to Plaintiffs' Claim for Damages.

Defendant argues that claims for compensatory and punitive damages against United States for due process violations should be dismissed, as the United States has not waived immunity.

A. <u>Standard for dismissal for lack of jurisdiction</u>. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Henry v. Office of Thrift Supervision*, 43 F.3d 507,

511 (10th Cir. 1994). A motion to dismiss under Rule 12(b)(1) may take the form of a facial attack on the sufficiency of the allegations in the complaint, or may challenge the facts upon which subject matter is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

Here, the Department of Justice referenced the Plaintiffs' prior court filings and the rulings on issues identical to those in this case, but otherwise did not reference any evidence outside the pleadings. These prior cases were also referenced in the Plaintiffs complaint. The Court considered the Plaintiffs evidence attached to their complaint and response to the motion to dismiss, but the Department of Justice is not prejudiced because this does not change the result. *See Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 714 (10th Cir. 2005).

B. <u>Sovereign Immunity</u>. Sovereign immunity means that the United States and its agencies cannot be sued for money damages without its consent. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks,* 960 F.2d 911, 913 (10th Cir. 1992); *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Sovereign immunity is jurisdictional in nature, meaning the courts lack subject matter jurisdiction where there is no waiver of immunity. *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev*., 554 F.3d 1290, 1295 (10th Cir. 2009) ("A party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction."). Waiver of immunity is strictly construed in scope in favor of the sovereign. *Lane v. Pena*, 518 U.S. at 192.

Moreover, "to sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *See, e.g., Gupta v. U.S. Atty. Gen.*, 556 Fed. Appx. 838 (11th Cir. 2014) (denying Fed. R. Civ. P. 60(d)(3) motion under clear and convincing evidence standard, without an evidentiary hearing).

Initially, the Court notes that Plaintiffs have not pointed to any explicit waiver of sovereign immunity in a statute. *Fostvedt v. U.S.*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (plaintiff has burden to identify explicit waiver of sovereign immunity). Plaintiffs generally reference statutes, but do not point specifically to waivers therein. Plaintiffs have failed to carry their burden, but the Court will nevertheless consider whether those statutes contain any waivers of immunity. *See Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) ("plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim."); *Smith v. Krieger*, 389 Fed. Appx. 789, 795 (10th Cir. 2010) (plaintiff bears burden to identify specific waiver of sovereign immunity).

To the extent Plaintiffs argue that immunity is waived by federal question jurisdiction or bankruptcy jurisdiction, the Court disagrees. "Sovereign immunity is not waived by general jurisdictional statutes such as 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1340 (jurisdiction over actions arising under the Internal Revenue Code), and 28 U.S.C. § 1361 (action to compel a government officer to perform his duty)." *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

C. <u>No Waiver under the Federal Tort Claims Act</u>. The Plaintiffs did not bring a claim under the Federal Tort Claims Act (the "FTCA") in their complaint, but nevertheless argue

in their response to the motion to dismiss that immunity is waived under the FTCA. The FTCA allows claims against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "The FTCA grants a limited waiver of sovereign immunity by making the United States liable to the same extent as a private person for certain torts of federal employees acting within the scope of their employment." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 908 (9th Cir. 2003). However, the FTCA does not provide a cause of action for constitutional torts, such as violations of due process. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994); *D'Addabbo v. U.S.*, 316 Fed. Appx. 722, 726 (10th Cir. 2008); *Manning v. U.S.*, 146 F.3d 808, 812 (10th Cir. 1998).

Here, Plaintiffs alleged that the Department of Justice deprived them of their due process rights by failing to investigate or prevent fraud on the court. Plaintiffs do not specify that the Department of Justice committed a tort, other than alleged federal constitutional violations. Thus, there is no waiver of immunity here. *Manning v. U.S.*, 146 F.3d 808, 812 (10th Cir. 1998).

Moreover, to the extent Plaintiffs attempt to hold the United States liable for alleged torts of the Trustee or her attorneys, they are not employees of the United States and their acts cannot be attributed to the United States. As noted below, judicial officers are immune to the alleged torts, and the Court is therefore unaware of any basis to hold the United States liable thereto.

  D. <u>No Waiver for *Bivens* or § 1983 Claims</u>. Plaintiffs cite to 42 U.S.C. §§ 1983 and 1985, but do not specify how sovereign immunity is waived therein. Any suit for money damages against the United States under § 1983 or *Bivens* is barred by sovereign immunity. *See*

7

*Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."); *Dahn v. U.S.*, 127 F.3d 1249 (10th Cir. 1997); *Balser v. Department of Justice*, 327 F.3d 903, 909 (9th Cir. 2003) (*Bivens* claim against Department of Justice barred). Plaintiffs seek damages from the United States for alleged violations of their due process rights. The United States has not waived, and is therefore immune, from claims for money damages arising from a constitutional tort under § 1983/*Bivens*. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994).

**II.  Plaintiffs' Independent Action for Fraud on the Court is Barred.**

The only named Defendant in this case is the Department of Justice. However, this is the third case filed or appealed to this Court in which the Plaintiffs also seek to overturn the bankruptcy court's summary judgment entered against them, alleging the Trustee committed fraud on the court. To the extent Plaintiffs collaterally attack the bankruptcy court's rulings, the Court concludes it does not have jurisdiction. Moreover, any such claim is otherwise barred by res judicata or lacks merit.

A.  <u>The Court Lacks Appellate Jurisdiction</u>. Initially, the Court notes that it does not have appellate jurisdiction to review or overturn the bankruptcy court's summary judgment issued against the Plaintiffs. A district court's jurisdiction to review a bankruptcy court decision is limited by Congress. 28 U.S.C. § 158. This matter is not before the Court on appeal.

B.  <u>Barton Doctrine Bars Claims against Trustee and her Attorneys</u>. Plaintiffs appear to argue that the Trustee or her attorneys committed fraud on the court under Fed. R. Civ. P. 60(d)(3). Although the Trustee is not a named party, to the extent Plaintiffs assert fraud claims against her or her attorneys, those claims are barred by the *Barton* doctrine. *Lankford v. Wagner,*

853 F.3d 1119, 1122 (10th Cir. 2017). The *Barton* doctrine is jurisdictional, therefore this Court does not have jurisdiction to hear any claims against the Trustee. *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

The bankruptcy court twice rejected the Plaintiffs' request for permission to assert fraud counter-claims against the Trustee on the basis that the Plaintiffs failed to make a prima facie showing of viable claims against the Trustee. *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017). The plaintiffs did not appeal those decisions. Here, Plaintiffs have not sought permission from the bankruptcy court to sue the Trustee, therefore any such claim is barred.

        C.      <u>Judicial Immunity bars action against Judicial Officers</u>. Plaintiffs also appear to rehash arguments that various courts and judicial officers were biased or colluded with the Trustee. None of these judicial officers are parties to this lawsuit and were not served. However, as this Court has previously ruled on this matter, judicial immunity absolutely bars these actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Lankford v. Wagner*, No. 1:15-CV-01013-JCH-LF, 2016 WL 8924936, at \*2 (D.N.M. 2016) (Fashing, J), *report and recommendation adopted*, No. 1:15-CV-01013-JCH-LF, 2016 WL 8924937 (D.N.M. 2016) (Herrera, J.), *aff'd*, 853 F.3d 1119 (10th Cir. 2017); *see also Shahin v. Darling*, 350 F. App'x 605, 607 (3d Cir. 2009) ("Members of the judiciary are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.").

        D.      <u>Preclusion otherwise bars the independent action for fraud on the court</u>.[2] Plaintiffs request that this Court overturn the bankruptcy court's summary judgment on the basis that it was obtained by fraud on the court, pursuant to Fed. R. Civ. P. 60(d)(3). Specifically,

---

[2] The Court proceeds here under Fed. R. Civ. P. 12(b)(6). The Court may consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *TechnoMarine SA v. Giftports, Inc.,* 758 F.3d 493, 498 (2d Cir. 2014).

9

Plaintiffs allege that the bankruptcy court relied on fraudulent documents submitted with the summary judgment, did not consider certain evidence submitted by the Plaintiffs, and generally allege bias in the courts.  Plaintiffs do not specifically name the Trustee in this action, but allege that the Trustee or her attorneys were part of the fraud.

An independent action to set aside a judgment for fraud on the court is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly,* 524 U.S. 38, 46 (1998).  An independent action is available only to prevent a grave miscarriage of justice. *Id.* at 47.  This includes fabrication of evidence by an attorney, but not nondisclosure of facts to the court. *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).  Plaintiffs must show an intent to deceive or defraud the court. *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).  Failure of a party to provide appropriate documents is not a basis for a Rule 60(d)(3) motion. *U.S. v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

An independent action for fraud on the court may not be used as a basis to relitigate issues already decided, such as the merits of the summary judgment. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667–68 (5th Cir. 1981); *see Lankford v. Wagner*, 853 F.3d 1119, 1121 (10th Cir. 2017) ("Having chosen not to appeal the summary judgment ruling in the adversary proceeding, the Lankfords cannot circumvent appellate procedural rules simply by filing a separate proceeding to collaterally attack that judgment."); *Campbell v. Secretary of Dept. of Veterans Admin.*, 603 Fed. Appx. 761, 762-63 (11th Cir. 2015).

Moreover, the issue of fraud on the court has already been decided.  The bankruptcy court already addressed and rejected allegations of fraud on the court multiple times.  *See Wagner v. Lankford et al.*, Adv. Pro. 12-1139-J, 2017 WL 2470858, at *7 (Bankr. D.N.M. June

7, 2017). Plaintiffs appealed the motion to vacate and raised the issue of fraud on the court on appeal, and this Court (Hon. Robert Brack and Hon. Carmen Garza) affirmed. Moreover, the Plaintiffs raised fraud on the court in another independent action in this Court (Hon. Judith Herrera and Hon. Laura Fashing). This Court and the Tenth Circuit denied Plaintiffs' claims under the *Barton* doctrine. Here, the Plaintiffs already sought and have been denied relief to overturn the summary judgment on the basis of fraud on the court, and cannot do so again. *See Morawski v. U.S. Dep't of Agric.*, 2010 WL 2663201, at *6–7 (E.D. Mich. July 2, 2010) (res judicata barred independent action for fraud on court under Rule 60(d) where it has already been decided); *Reiffin v. Microsoft Corp.*, 2011 WL 5104467, at *3–4 (N.D. Cal.), *quoting Duse v. IBM Corp.*, 212 F.R.D. 58, 61–62 (D. Conn. 2002) ("Independent actions are thus barred where plaintiff had ample opportunity to or, in fact, did raise the alleged fraud in the underlying action."); *Dodge v. Cotter Corp* ., 203 F.3d 1190 (10th Cir. 2000) (under offensive collateral estoppel, court may bar party from proceeding on an issue already decided in another case). Thus, this Court *sua sponte* dismisses this action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see Arizona v. California*, 530 U.S. 392, 412 (2000) (court may *sua sponte* dismiss case on grounds of res judicata or collateral estoppel); *Phillips v. Pub. Serv. Co. of New Mexico*, 58 F. App'x 407, 409 (10th Cir. 2003) (court may *sua sponte* dismiss under Fed. R. Civ. P. 12(b)(6)).

In any event, the Court further concludes that the independent action for fraud on the court does not have merit. At most, Plaintiffs raise appealable issues of law or fact rather than fraud. Generally, whether a court properly considered and weighed evidence and arguments goes to the merits of the case and are not proper for a Rule 60(d)(3) action. Adding mere conclusory allegations of bias or collusion will not transform such a claim into a viable one. *See*

11

*generally Campbell v. Secretary of Dept. of Veterans Admin*., 603 Fed. Appx. 761, 762-63 (11th Cir. 2015).

## CONCLUSION

The Court has considered Plaintiffs' request to file a sur-reply, and finds it well-taken. However, Plaintiffs' suit against the Department of Justice for alleged due process violations is barred by sovereign immunity. Therefore, this Court does not have subject matter jurisdiction over those claims. Moreover, Plaintiffs request to overturn the bankruptcy court's summary judgment on the basis of fraud on the court has already been considered and rejected by other courts, and is otherwise meritless.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss (**Doc. 11**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the Department of Justice are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' fraud on the court claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that any remaining claims are dismissed.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Leave to File sur-reply (**Doc. 20**) is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE