# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID LANKFORD and
LEE ANN LANKFORD,

      Plaintiffs,

v.                                                                                                                                              No. 1:17-cv-668 WJ/GBW

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

## ORDER
## ENJOINING PLAINTIFFS FROM FILING CERTAIN PLEADINGS
## OR LAWSUITS IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## AND IN
## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW MEXICO

THIS MATTER comes before the Court following the Court's Order to Show Cause Why Filing Restrictions Should Not Be Imposed, filed on November 17, 2017 **(Doc. 22).** Plaintiffs are *pro se* litigants who have engaged in a pattern of frivolous and repetitive litigation in this Court and the United States Bankruptcy Court, District of New Mexico (the "Bankruptcy Court"). On November 17, 2017, the Court also entered a Memorandum Opinion and Order dismissing all claims in this case **(Doc. 21)**.

On November 30, 2017, the Plaintiffs filed another Motion to Vacate Void Judgments per Rule 60(b) in the Bankruptcy Court. This motion alleges similar due process violations and bias arguments that were rejected by this Court.[1] This motion was filed thirteen days after the Court issued the Order to Show Cause. Therefore, the Court concludes that Plaintiffs considered the

---

[1] The Tenth Circuit previously rejected Plaintiffs' claims of judicial misconduct, agreeing that various judicial officers were judicially immune. *Lankford v. Wagner*, 853 F.3d 1119, 1121 (10th Cir. 2017).

Court's specific warnings about filing repetitive or frivolous filings and rejected them. Plaintiffs are likely to continue to abuse the judicial process.

Plaintiffs filed an Objection to the Order to Show Cause on December 7, 2017 **(Doc. 23)**. Plaintiffs argue that filing restrictions are inappropriate, because their pleadings and motions are not frivolous. They further argue that the Bankruptcy Court and this Court are corrupt or biased, and therefore the judgments against them should be overturned. The record does not reflect any fraud on the court or bias on the part of the courts. The Court finds that these objections are not well-taken, and therefore, are overruled.

For the reasons stated in the Memorandum Opinion and Order **(Doc. 21),** and the Order to Show Cause **(Doc. 22)**,

**IT IS ORDERED** that the following filing restrictions shall become effective immediately as of the date of the filing of this order:

Plaintiffs are **PERMANENTLY ENJOINED** from filing any pleadings or motions in the United States District Court for the District of New Mexico, or in the United States Bankruptcy Court for the District of New Mexico, related to the subject matter of their existing or prior lawsuits in these federal courts, including (but not limited to):

- filings related to their investment in Vaughan Company, Realtors ("VCR");
- the VCR bankruptcy case and any related litigation, including the fraudulent transfer litigation;
- court rulings, including rulings from the Bankruptcy Court, stemming from the VCR litigation;[2]

---

[2] This includes any attempt to attack, vacate, or reconsider the Bankruptcy Court's judgments or this Court's judgments, on the basis of bias, fraud, or lack of due process.

- any alleged corruption, bias, or fraud by any party in connection with with the VCR bankruptcy case, including but not limited to judges, the trustee, counsel, and state or federal agencies.[3]

(collectively, the "Subject Matter").

To file a pleading or motion on the above Subject Matter, they must comply with the following conditions:

1. The Plaintiffs must be represented by a licensed attorney of record authorized to practice in federal district court or bankruptcy court for this district. The attorney must certify that, based on his/her review of the Plaintiffs' complaint, it states a cause of action sufficient to sustain scrutiny under Fed. R. Civ. P. 12(b)(6), and meets pleading requirements of Fed. R. Civ. P. 8 and factual predicate requirements of Fed. R. Civ.P. 11. Thus, if the Plaintiffs are represented by counsel who makes this required certification, the proposed complaint will be received and filed.

2. Alternatively, if the Plaintiffs seek to proceed as *pro se* litigants on the above Subject Matter, they must comply with the following:

   a. By a separate affidavit, along with a proposed complaint, to the clerk of this Court or the Bankruptcy Court, the Plaintiffs must demonstrate that the action is commenced in good faith and is not malicious or without arguable merit.

   b. The proposed complaint or pleading must be certified as proposed by Fed. R. Civ. P. 11.

   c. The proposed complaint must include a list of every previous action which they have filed, either individually or jointly, in federal or state courts, and must provide the

---

[3] Plaintiffs have indicated they intend to sue parties who played no role in the VCR bankruptcy case or associated litigation, including Congress. Therefore, the Court declines to narrowly tailor these filing restrictions to suits against certain parties.

names of all parties in such actions, as well as the docket numbers.  The proposed complaint must disclose the status prior lawsuits, including the status and outcome of any appeals.

      d. Plaintiffs must provide a list apprising the Court of all outstanding injunctions or orders limiting their access to state or federal courts, including orders and injunctions requiring petitioner to seek leave to file matters *pro se* or requiring that they be represented by an attorney.  A copy of each order or injunction must be submitted with each proposed complaint.

      e. A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues the litigant or litigants (if filing jointly) seek to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented. The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by them, and must disclose the status of that prior action, as well as provide the style of the case, the docket number and the name of the court where the prior action was filed.  The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

   3. Upon receipt of the proposed complaint and affidavit, the clerk of court of the district or bankruptcy court will submit the document package to a district judge or bankruptcy judge as appropriate, or at the district judge's option, to a referred magistrate judge for pre-filing review. Should the district judge, magistrate judge, or bankruptcy judge determine that the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the district judge, magistrate judge, or bankruptcy judge will authorize the appropriate clerk of court to accept the pleading for filing.

4. Should a judge decline to accept the pleading for filing, it will be returned to Plaintiffs by the clerk of court.

5. This Permanent Injunction and the Final Judgment entered herewith constitutes a final, appealable order, and this Permanent Injunction shall not prohibit Plaintiffs from filing an appeal to the United States Court of Appeals for the Tenth Circuit.

This injunction shall take effect immediately upon the filing of this Order.

_____
UNITED STATES DISTRICT JUDGE